UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MICHELLE VASSELL WILLIAMS,
*On Behalf of* I.M.W.,

                Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 21-CV-03082-FB

<u>Appearances</u>:

*For the Plaintiff*:
LOUIS R. BURKO
Severance Burko Spalter Masone PC
16 Court Street Suite 2400
Brooklyn, NY 11241

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: PAMELA MCKIMENS
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Michelle Williams ("Williams") appeals the Commissioner of Social Security's ("Commissioner") final decision denying the application for Supplemental Security Income benefits ("SSI") that she filed on behalf of her minor son, I.M.W. For the following reasons, Williams's motion is granted, the

1

Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

## I.

Williams applied for SSI on I.M.W.'s behalf, alleging disability as of February 1, 2017, due to a learning disability, asthma, food allergies, and a sensitive stomach. An administrative law judge ("ALJ") held a hearing on July 12, 2019 where Williams appeared pro se. In a decision dated September 23, 2020, the ALJ found that I.M.W. had the severe impairments of asthma and a learning disorder, but that he was not disabled. On April 8, 2021, the Appeals Council denied review, and the ALJ's decision became the decision of the Commissioner. This action followed.

## II.

Remand is warranted for two reasons. First, the ALJ failed to fully develop the record. Because Social Security proceedings are inquisitional and not adversarial, ALJs have an obligation to develop the administrative record when gaps in information exist. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."). Because Williams appeared pro se, the ALJ had a heightened responsibility to ensure that the record was sufficiently developed:

2

> When a claimant...proceeds *pro se*, the ALJ's duties are "heightened." *Cruz,* 912 F.2d at 11. The ALJ must "adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered" and by "scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts." *Id*.

*Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (alteration and internal quotation marks omitted).

In this case, the ALJ failed to obtain opinions from I.M.W.'s treating medical sources, and he did not inform Williams of the importance of doing so. The regulations dictate that when a claimant appears pro se, the ALJ must "make every reasonable effort to obtain not merely medical records of the treating physician but also a report that sets forth the opinion of that treating physician as to the existence, the nature and the severity of the claimed disability." *Peed v. Sullivan*, 778 F. Supp. 1241, 1247 (E.D.N.Y. 1991). The ALJ did not obtain opinions from I.M.W.'s treating primary care physician or treating mental health professional, despite being made aware at the hearing that I.M.W. was receiving treatment from both. *See*. A.R. 422-37.

Courts routinely remand cases where an ALJ fails to fully and fairly develop the record for pro se claimants, including when the ALJ fails to obtain opinions from treating sources. *See, e.g., Robins v. Astrue*, No. 10-CV-3281, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011); *Rodriguez ex. rel. Silverio v. Barnhart*, No. 02-CV-5782, 2003 WL 22709204, at *3 (E.D.N.Y. Nov. 7, 2003); *Price ex.*

3

*Rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 433-35 (E.D.N.Y. 2014). As a result of his failure to obtain the opinions of I.M.W's treating sources, the ALJ made a finding that was not supported by sufficient evidence. Therefore, remand for further consideration is warranted.

Second, in evaluating Williams's testimony and I.M.W.'s subjective descriptions of his symptoms, the ALJ failed to sufficiently support his conclusion that they were inconsistent with medical evidence and other evidence in the record. *See* 20 C.F.R. § 416.929(c) (outlining the requirements for evaluating a claimant's description of their symptoms). An ALJ is permitted to find that a witness is not credible, but he must also provide "sufficient specificity to permit intelligible plenary review of the record." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 260-61. The ALJ failed to meet this burden. Instead of evaluating the claimant's description of his symptoms according to the required factors, the ALJ stated that I.M.W.'s "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that his "allegations concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." A.R. 401. Because the ALJ did not provide a Court with a description of his reasoning, the Court cannot determine if his conclusion was reasonable. For this reason, remand is also warranted.

4

## III.

For the aforementioned reasons, Williams's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

       /S/ Frederic Block_____

FREDERIC BLOCK

Senior United States District Judge

Brooklyn, New York

April 28, 2023